U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

AUG 29 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ROBERT CRAIG, ET AL. | CIVIL ACTION NO. 03-147 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| GRANT PARISH POLICE JURY, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for summary judgment[1] filed by defendants Grant Parish Police Jury ("Police Jury"), W.C. Holloway, Julius F. Scott, Michael L. Brown, Donnie Brown, Melvin "Gene" Allen, and Marvin Delong (collectively "Defendants") on June 27, 2008. This matter was set for hearing without oral argument[2] and, having been fully briefed by the parties, is now before the court for disposition.

For the reasons assigned herein, this court finds that defendants' motion should be **GRANTED** and, accordingly, all claims by plaintiffs not previously adjudicated should be **DISMISSED** with prejudice.

I. BACKGROUND

A. **Relevant Facts and Procedural History**

Plaintiffs Robert Craig, Clarence Spottsville and Bobbie McFarland (collectively

---

[1] R. 54.

[2] R. 55.

1

"Plaintiffs") are owners of certain parcels of immovable property adjacent to Youngblood Road, a public road located in Grant Parish, Louisiana.[3] Plaintiffs filed the instant suit on January 27, 2003, asserting claims under 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the U.S. Constitution and Louisiana law.[4]

Specifically, plaintiffs allege that the Police Jury failed to provide them with constitutionally sufficient notice of its intent to vote on the abandonment of a portion of North Youngblood Road at its May 9, 2002 meeting, at which time the Police Jury voted unanimously in favor of abandonment.[5] Moreover, plaintiffs assert that the Police Jury's abandonment of the portion of North Youngblood Road beginning with its intersection with Louisiana Highway 158 constituted a taking of certain property interests which plaintiffs possess by virtue of their ownership of land abutting the remainder of Youngblood Road.[6] Plaintiffs' complaint also alleges that the Police Jury's abandonment was a violation of Louisiana law which prohibits a government entity from abandoning the right of way of a public road that remains in use by the public.[7]

Defendants filed a motion to dismiss[8] pursuant to Fed. R. Civ. P. 12(b)(6) which was denied by this court, speaking through then-Judge F. A. Little, Jr. The court held that defendants

---

[3] R. 1 at ¶¶ 6, 10.

[4] R. 1 at ¶ 1.

[5] R. 1 at ¶¶ 11, 12.

[6] R. 1 at ¶¶ 11, 12, 25 - 28.

[7] R. 1 at ¶¶ 35 - 39.

[8] R. 4.

failed to demonstrate that plaintiffs could prove no set of facts which would entitle them to relief and that, accordingly, the motion must be denied. Defendants appealed the court's denial and the U.S. Fifth Circuit Court of Appeals affirmed the court's ruling.[9]

Defendants filed a motion for summary judgment on September 5, 2006 seeking dismissal of all claims by plaintiffs based on the defenses of qualified and absolute legislative immunity. This court denied defendants' motion as to Counts I and II of plaintiffs' complaint, but granted the motion as to Count III (Louisiana law claim).[10] Defendants appealed this ruling. On March 3, 2008 the U. S. Fifth Circuit Court of Appeals issued its ruling affirming our dismissal of plaintiffs' state law claims under La. R.S. 48:701 and vacating our denial of summary judgment based on qualified and absolute legislative immunity. The case was remanded to us for "resolution of the plaintiffs' Fifth Amendment and Fourteenth Amendment takings and due process claims against the police jury and its members in their official capacities."[11]

Defendants filed the instant motion for summary judgment[12] on June 27, 2008, asserting that plaintiffs' claims under the Takings and Due Process Clauses are permanently unripe and, thus, this court lacks subject matter jurisdiction over them. Alternatively, defendants argue that plaintiffs have demonstrated no constitutionally protected property interest and, as such, the notice provided by the Police Jury was adequate. We address these arguments below.

---

[9]R. 13.

[10]R. 38.

[11]R. 52 at p. 18.

[12]R. 54.

3

B.     **Applicable Standard**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[13]

A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict in favor of the non-moving party.[14] In making this determination, a court must draw all justifiable inferences in favor of the non-moving party.[15]

Once the moving party has shown that "there is an absence of evidence to support the non-moving party's case," the non-moving party must come forward with specific facts showing a genuine issue of fact for trial.[16] Conclusory denials, improbable references, and legalistic argumentation" are not adequate substitute for specific facts showing that there is a genuine issue for trial.[17] The movant "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the non-movant's case."[18] If the moving party fails to meet this

---

[13]Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 - 50 (1986); Am. Home Assurance Co. v. United Space Alliance, 378 F.3d 482 (5th Cir. 2004).

[14]Anderson, supra, at 248.

[15]Id., at 255.

[16]Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

[17]SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

[18]Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) quoting Celotex, 477 U.S. at 323.

4

initial burden, the motion must be denied, regardless of the non-moving party's response.[19]

Federal courts are courts of limited jurisdiction and have only that jurisdiction which is provided by the U.S. Constitution or by Congress. Article III of the U.S. Constitution provides that the jurisdiction of federal courts shall be limited to "cases" and "controversies." Thus, ripeness, the presence of an actual controversy, is a constitutional prerequisite to the exercise of this court's jurisdiction.[20] Jurisdiction may be raised by any party at, any time or by the court on its own motion.[21]

## II. Law and Analysis

Defendants assert that plaintiffs' takings and procedural due process claims are not ripe, resulting in this court's lack of subject matter jurisdiction under the Fifth Circuit's reasoning in Urban Developers LLC v. City of Jackson, Mississippi,[22] Williamson County Regional Planning Comm'n. v. Hamilton Bank[23] and John Corp. v. City of Houston.[24]

In Williamson, the U.S. Supreme Court, speaking through Justice Blackmun, held that regulatory takings claims under the Fifth Amendment are not ripe until "the government entity charged with implementing the regulation[] has reached a final decision regarding the application

---

[19]Id.

[20]Abbott Laboratories v. Gardner, 387 U.S. 136 (1967); Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000).

[21]Cinel v. Connick, 15 F.3d 1338 (5th Cir. 1994).

[22]468 F.3d 281 (5th Cir. 2006).

[23]473 U.S. 172 (1985).

[24]214 F.3d 573 (5th Cir. 2000).

of the regulation[] to the property at issue"[25] and until the adversely affected party has availed himself of available procedures for compensation under state law.[26] Although a final decision as to the applicability of the road closure at issue has been reached, defendants point out that defendants have failed to avail themselves of an inverse condemnation action under Louisiana law.[27] Defendants also point out that under La. R.S. 13:5111(A)[28] any such action is now prescribed as to the Police Jury's 2002 abandonment, making plaintiffs' claims permanently unripe.

Plaintiffs respond by denying the existence of any takings claims in this suit. Plaintiffs acknowledge the presence of "boilerplate takings allegations in Count 1 of the complaint,"[29] but argue that the inclusion of these allegations alone does not constitute a takings claim. In the alternative, plaintiffs argue, the court finds that takings claims are asserted, such claims are ripe because Louisiana offers no post-deprivation remedy for closure of public roads.[30]

In its ruling remanding a portion of this suit to us, the Fifth Circuit explained

> "[a]s an initial matter, both parties conceded at oral argument that the defendants would not be liable in their individual capacities for a takings claim. Thus, there

---

[25]Williamson, 473 U.S. at 186.

[26]Id., at 194.

[27]R. 54-2 at pp. 2 - 3.

[28]La. R.S. 13:5111(A) provides that "[a]ctions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking."

[29]R. 62 at p. 6.

[30]R. 62 at

6

is no need for us to determine whether that claim is ripe for this Court to have jurisdiction over it under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City* and *Urban Developers LLC v. City of Jackson, Mississippi*."[31] (internal citations omitted)

We have reviewed the record in this case and find that plaintiffs' new stance as to takings claims is a total departure from their prior arguments before this court.[32] While we understand plaintiffs' motivation in abandoning their previously asserted takings claims, it would be inaccurate to state that such claims never existed. Accordingly, this court views plaintiffs' takings claims as once asserted and now voluntarily dismissed as to all defendants in their individual and official capacities. The court finds, also, that were plaintiffs' takings claims still asserted in this case, such claims would be deemed unripe. Louisiana clearly provides a post-deprivation remedy in the form of an inverse condemnation action pursuant to La. Const. art. I, § 4.[33] Plaintiffs have not availed themselves of this remedy, nor have they demonstrated any insufficiency of this remedy. Accordingly, we agree with defendants that any rights of action once belonging to defendants for inverse condemnation have now prescribed pursuant to La. R.S. 13:5111(A), making plaintiffs' takings claims permanently unripe under Williamson and Urban Developers.

What remains are plaintiffs' Fourteenth Amendment procedural due process claims

---

[31]R. 52 at pp. 6 - 7.

[32]See R. 10 ("Plaintiffs have asserted federal causes of action under 42 U.S.C. § 1983 for an uncompensated taking..."), R. 32 ("The Plaintiffs have asserted a regulatory taking as the court noted...").

[33]See Constance v. State of Louisiana, 626 So.2d 1151 (La. 1993) (recognizing that inverse condemnation actions are provided for by La. Const. art. I, § 4 even in the absence of expropriation proceeding).

against defendants in their official capacities. Defendants' motion alleges that these claims are also unripe under the reasoning of the Fifth Circuit in John Corp. v. City of Houston.[34] In that case, the court examined the issue of whether or not a finding that takings claims are unripe necessitates a finding that procedural due process claims are also unripe. Noting their adoption of the Tenth Circuit's approach to the application of Williamson on procedural due process claims, the court reiterated that "claims 'that rest on the same facts as a concomitant takings claim'" are unripe when the takings claims have been found to be unripe.[35]

Rejecting appellants' argument that Hidden Oaks Limited v. City of Austin suggests that procedural due process claims are not tied to the ripeness of takings clause claims, the court distinguished the facts before it, pointing out that Hidden Oaks presented procedural due process claims which "inflicted injury separate from any takings claim that was dismissed."[36] Citing Bigelow v. Michigan Dep't of Natural Resources,[37] the Fifth Circuit concluded that, without resolution of the takings claim, there can be no determination of what due process was required or provided.[38]

Applying the reasoning of the Fifth Circuit to the procedural due process claims before us, we must agree with defendants that such claims are unripe because of their relation to the takings clause claims discussed above. Plaintiffs allege that a property right belonging to them

---

[34] R. 54-2 at pp. 3 - 4; 214 F.3d 573 (5th Cir. 2000).

[35] John Corp., 214 F.3d at 584.

[36] John Corp., 214 F.3d at 585.

[37] 970 F.2d 154, 160 (6th Cir. 1992).

[38] John Corp., 214 F.3d at 585.

was taken by operation of an ordinance passed by the Police Jury. Plaintiffs' procedural due process claims assert that the defendants failed to provide them with proper notice of their intent to vote on this ordinance prior to the May 9, 2002 meeting. Clearly this is the sort of related due process claim contemplated by the Fifth Circuit in John Corp. Whether plaintiffs have failed to assert takings claims or have dismissed them, we have already found that any such claims would be permanently unripe given plaintiffs failure to avail themselves of inverse condemnation. Thus, we cannot determine the due process to which plaintiffs were entitled. Accordingly, we find that plaintiffs' procedural due process claims must be dismissed for want of subject matter jurisdiction due to lack of ripeness.

## III. CONCLUSION

Having carefully considered the law and argument advanced by the parties, the court finds that plaintiffs have voluntarily dismissed any takings clause claims previously asserted against all defendants and that such claims, were they still asserted, would be permanently unripe because of plaintiffs' failure to avail themselves of inverse condemnation actions. Accordingly, this court also finds that plaintiffs' remaining claims, asserted under the Due Process Clause of the Fourteenth Amendment, are also unripe under the Fifth Circuit's reasoning in John Corp. v. City of Houston. Given these findings, the court will enter a judgment dismissing with prejudice all claims by plaintiffs against all defendants in this suit.

Alexandria, Louisiana
August 29th, 2008

JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**