U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

DEC 0 1 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT CRAIG, ET AL. | CIVIL ACTION NO. 03-147 |
| VERSUS | JUDGE TRIMBLE |
| GRANT PARISH POLICE JURY, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for reconsideration[1] filed by plaintiffs Robert Craig and Clarence E. Spottsville wherein plaintiffs ask the court to reconsider its ruling on the prior motion for summary judgment [2] filed by defendants Grant Parish Policy Jury ("Police Jury", W.C. Holloway, Julius F. Scott, Michael L. Brown, Donnie Brown, Melvin "Gene" Allen and Marvin Delong (collectively "Individual Defendants"). For the reasons expressed herein below, this court finds that plaintiffs' motion for reconsideration should be GRANTED and defendants' underlying motion for summary judgment should also be GRANTED.

I. BACKGROUND

A. Relevant Facts and Procedural History

Plaintiffs Robert Craig and Clarence E. Spottsville (collectively "Plaintiffs")[3] are owners

---

[1] R. 68.

[2] R. 54.

[3] It has come to the attention of this court plaintiff Bobbie J. McFarland is now deceased. Counsel for plaintiffs has not filed a motion to substitute parties and, as evidenced herein, has not

1

of certain parcels of immovable property adjacent to Youngblood Road, a public road located in Grant Parish, Louisiana.[4] Plaintiffs filed suit on January 27, 2003, asserting claims under 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the U.S. Constitution and Louisiana law.[5]

Specifically, plaintiffs allege that the Police Jury failed to provide them with constitutionally sufficient notice of its intent to vote on the abandonment of a portion of North Youngblood Road at its May 9, 2002 meeting, at which time the Police Jury voted unanimously in favor of abandonment.[6] Moreover, plaintiffs assert that the Police Jury's abandonment of the portion of North Youngblood Road beginning with its intersection with Louisiana Highway 158 constituted a taking of certain property interests which plaintiffs possess by virtue of their ownership of land abutting the remainder of Youngblood Road.[7] Plaintiffs' complaint also alleges that the Police Jury's abandonment was a violation of Louisiana law which prohibits a government entity from abandoning the right of way of a public road that remains in use by the public.[8]

Defendants filed a motion to dismiss[9] pursuant to Fed. R. Civ. P. 12(b)(6) which was

---

filed the instant motion for reconsideration in McFarland's name. Accordingly, the prior judgment of this court is final as to McFarland.

[4] R. 1 at ¶¶ 6, 10.

[5] R. 1 at ¶ 1.

[6] R. 1 at ¶¶ 11, 12.

[7] R. 1 at ¶¶ 11, 12, 25 - 28.

[8] R. 1 at ¶¶ 35 - 39.

[9] R. 4.

denied by this court, speaking through then-Judge F. A. Little, Jr. The court held that defendants failed to demonstrate that plaintiffs could prove no set of facts which would entitle them to relief and that, accordingly, the motion must be denied. Defendants appealed the court's denial and the U.S. Fifth Circuit Court of Appeals affirmed the court's ruling.[10]

Defendants filed a motion for summary judgment on September 5, 2006 seeking dismissal of all claims by plaintiffs based on the defenses of qualified and absolute legislative immunity. This court denied defendants' motion as to Counts I and II of plaintiffs' complaint, but granted the motion as to Count III (Louisiana law claim).[11] Defendants appealed this ruling. On March 3, 2008 the U. S. Fifth Circuit Court of Appeals issued its ruling affirming our dismissal of plaintiffs' state law claims under La. R.S. 48:701 and vacating our denial of summary judgment based on qualified and absolute legislative immunity. The case was remanded to us for "resolution of the plaintiffs' Fifth Amendment and Fourteenth Amendment takings and due process claims against the police jury and its members in their official capacities."[12]

Defendants filed a motion for summary judgment[13] on June 27, 2008, asserting that plaintiffs' claims under the Takings and Due Process Clauses are permanently unripe and, thus, this court lacks subject matter jurisdiction over them. Alternatively, defendants argued that plaintiffs demonstrated no constitutionally protected property interest and, as such, the notice

---

[10] R. 13.

[11] R. 38.

[12] R. 52 at p. 18.

[13] R. 54.

3

provided by the Police Jury was adequate. In a memorandum ruling issued on August 29, 2008,[14] we found that Louisiana law provides a post-deprivation remedy for the road abandonment complained of in the form of an inverse condemnation action pursuant to La. Const. art. I, § 4. We further found that plaintiffs failed to avail themselves of this available remedy within the applicable three-year prescriptive period under La. R.S. 13:5111(A) and, accordingly, any takings claims by plaintiffs were permanently unripe. Based on the Fifth Circuit's holding in John Corp v. City of Houston, we also found that any Fourteenth Amendment procedural due process claims by plaintiffs were unripe because they concerned the same facts as the unripe takings claims. Accordingly, we found that we lacked subject matter jurisdiction over plaintiffs' due process claims. Defendants' motion for summary judgment was granted on the basis of those findings and plaintiffs' remaining claims were dismissed with prejudice.

Plaintiffs now seek reconsideration of our grant of summary judgment. Plaintiffs again argue that, despite the language of their complaint, they are not asserting any takings claims against defendants in this case. Plaintiffs assert that, if the U.S. Fifth Circuit Court of Appeals found that any takings claims existed, they would not have had jurisdiction to consider the merits of immunity defenses to the individual capacity claims or the pendent state law claim. Plaintiffs argue that the "law of the case" (the appellate court's implicit finding that no takings claims are asserted) dictates that this court must also have jurisdiction over the remaining official capacity claims. Plaintiffs also argue, alternatively, that if the court remains convinced that they are asserting takings claims in this case, such claims are not permanently unripe and, in any event, should not be dismissed with prejudice, but rather, without prejudice.

---

[14] R. 64.

4

B.   **Applicable Standards**

Fed. R. Civ. P. 59(e) provides that parties may file a motion to alter or amend a judgment no later than ten (10) days after the issuance of the judgment. A Rule 59(e) motion is an extraordinary remedy that should not be used to "rehash evidence, legal theories or arguments that could have been offered or raised before the entry of judgment."[15] A court has considerable discretion as to whether or not a Rule 59(e) motion should be granted or denied.[16]

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[17]

A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict in favor of the non-moving party.[18] In making this determination, a court must draw all justifiable inferences in favor of the non-moving party.[19]

Once the moving party has shown that "there is an absence of evidence to support the non-moving party's case," the non-moving party must come forward with specific facts showing

---

[15] Templet v. HydroChem, Inc., 367 F.3d 473 (5th Cir. 2004) (internal citations omitted).

[16] Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167 (5th Cir. 1990), overruled on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).

[17] Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 - 50 (1986); Am. Home Assurance Co. v. United Space Alliance, 378 F.3d 482 (5th Cir. 2004).

[18] Anderson, supra, at 248.

[19] Id., at 255.

a genuine issue of fact for trial.[20] Conclusory denials, improbable references, and legalistic argumentation" are not adequate substitute for specific facts showing that there is a genuine issue for trial.[21] The movant "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the non-movant's case."[22] If the moving party fails to meet this initial burden, the motion must be denied, regardless of the non-moving party's response.[23]

## II. Analysis

### *Takings Claims*

Defendants' prior motion for summary judgment argued that plaintiffs' takings claims were permanently unripe because the remedy available to plaintiffs under Louisiana law, an inverse condemnation action, is now prescribed under La. R.S. 13:5111(A).[24] Plaintiffs denied that any takings claims were asserted and further argued that, if such claims were present, they are ripe because Louisiana law provides no post-deprivation remedy for the closure of a public road.[25] Noting plaintiffs' prior arguments in support of regulatory takings claims, this court held that plaintiffs had at one time asserted takings claims which they were clearly abandoning.[26]

---

[20] Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

[21] SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

[22] Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) quoting Celotex, 477 U.S. at 323.

[23] Id.

[24] R. 54-2, pp. 2-3.

[25] R. 62, pp. 2-3.

[26] R. 64 at p. 7.

Applying the reasoning of both Williamson County Regional Planning Comm'n. v. Hamilton Bank[27] and Urban Developers LLC v. City of Jackson, Mississippi,[28] we held that, if takings claims were still being asserted in this case, Louisiana law does provide a remedy in the form of the inverse condemnation action which, as argued by defendants, was prescribed and, thus, any such claims were permanently unripe.[29] The court also found that plaintiffs procedural due process claims were unripe because they involved the same facts as the unripe takings claims under the Fifth Circuit's reasoning in John Corp. v. City of Houston.[30]

Plaintiffs' instant motion and reply allege that because the Fifth Circuit found that it had jurisdiction to hear rule on that portion of the appeal concerning plaintiffs' § 1983 claims against defendants in their individual capacities, this court must necessarily have jurisdiction to consider those same claims against defendants in their official capacities.[31] Arguing the law of the case doctrine, plaintiffs assert that the Fifth Circuit's ruling rests on its implicit finding that no takings claims were present in this suit. Accordingly, plaintiffs assert that we are bound by this and must decide the merits of defendants' motion for summary judgment on plaintiffs' procedural due process claims.[32] Finally, plaintiffs point to the recent ruling of the Louisiana Fourth Circuit

---

[27] 473 U.S. 172 (1985).

[28] 214 F.3d 573 (5th Cir. 2000).

[29] R. 64 at p. 7.

[30] 214 F.3d 573 (5th Cir. 2000).

[31] R. 68.

[32] Id., at pp. 7-11.

Court of Appeal in <u>City of New Orleans v. Badine Land Ltd</u>.[33] In that case, the court held that the inconvenience to plaintiff caused by the road closure was not sufficiently severe as to constitute a "taking."

Defendants now wish to give plaintiffs' argument that no takings claims are asserted "the benefit of the doubt" in order to avoid another appeal before having this court's ruling on plaintiffs' procedural due process claims.[34] The court notes that this is a bold departure from defendants' lengthy arguments in support of the existence of takings claims and the jurisdictional implications thereof.[35] We caution that the resources of this court are the right of every litigant and must not be wasted. The reversal of fervent argument by both parties in this case is dismaying and indicates a lack of communication among the parties, which we find regrettable.

Given that the absence of takings claims is now conceded by defendants and, in consideration of our interest in facilitating an efficient resolution of this protracted litigation, the court finds that plaintiffs' motion for reconsideration should be granted. Accordingly, we find that plaintiffs' remaining claims fall within the ambit of our subject matter jurisdiction and we will now consider the merits of defendants' motion for summary judgment as to plaintiffs' § 1983 claims against the police jurors in their official capacities.

***Defendants' Underlying Motion as to Procedural Due Process Claims***

It is well established that in order to maintain a procedural due process claim under § 1983, plaintiff must identify a constitutionally protected "life, liberty or property interest and

---

[33]2007-1066, 2007-1067, 2007-1068 (La. App. 4 Cir. 5/21/08), 985 So.2d 832.

[34]R. 75 at p. 3.

[35]<u>See</u>. R. 54-2 at pp. 2-4.

8

then prove that a governmental action resulted in a deprivation of that interest."[36] Defendants' motion for summary judgment asserts that plaintiffs' procedural due process claims are without merit because plaintiffs have not demonstrated a constitutionally protected property interest in the portion of Youngblood Road which was abandoned.[37] Plaintiffs argue that, while they do not possess a naked ownership interest in the abandoned portion of the road, they possess a lesser, but still protected right in the form of a servitude of use.[38]

Plaintiffs cite Simi Investment Co. v. Harris County, Texas,[39] in support of their theory that rights lesser than full ownership are constitutionally protected. In Simi, the Fifth Circuit considered whether or not a district court's grant of summary judgment in favor of plaintiff landowner was correct. In that case, plaintiff acquired commercial property which abutted Fannin Street in Houston, Texas. Plaintiff's request for access to Fannin Street via a proposed driveway was rejected by defendant county on the basis that the narrow strip of land separating plaintiff's property from Fannin Street was a county-owned park. The Fifth Circuit affirmed the district court's grant of summary judgment in favor of plaintiff. Explaining that Texas law provided an "easement of access" to public roads and that this was a constitutionally protected property right, the court held that the county's actions in reserving its rights to a fictitious park were unlawful and constituted a substantive due process violation.

---

[36] San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991).

[37] Id., at pp. 4-7.

[38] R. 62 at pp. 3, 10-18.

[39] 236 F.3d 240 (5th Cir. 2000).

9

Plaintiffs argue that the Fifth Circuit's reference to Simi in its most recent ruling[40] in this case indicates that Louisiana law, like Texas law, provides a property right less than ownership to landowners abutting public roads. Plaintiffs specify that the property right which they now claim is a limited personal servitude of use governed by La. Civ. C. Art. 639, et seq. Defendants answer these claims by pointing out that, were this court to rule that plaintiffs possess a servitude of use of the abandoned portion of Youngblood Road, it would mean that plaintiffs could transfer their right of use to another person and that municipalities would owe compensation to landowners anytime a portion of a road is closed, no matter how great the distance between the landowner's property and the abandoned portion of the road.

In the context of defendants' qualified immunity defense, the Fifth Circuit addressed plaintiffs' theory of property rights and found that "...plaintiffs' argument runs contrary to basic Louisiana property law principles."[41] We agree. If, as plaintiffs suggest, their property right is in the nature of a servitude of use governed pursuant to La. Civ. C. Art. 639, the result would indeed be contrary to basic property law principles. As pointed out by defendants, a right of use under Art. 639 is transferrable from one person to another and does not belong to an estate. Therefore, if we recognized such a right in favor of plaintiffs in this case, the result would be that plaintiffs could transfer this right to other persons who live anywhere and who do not come to this right by virtue of the location of their property, the stated basis of this particular lawsuit.

Plaintiffs do not dispute that the police jury has the authority to vote to abandon a public roadway after notice and public comment are offered. Thus, we find a much more reasonable

---

[40]265 Fed. Appx. 185, 194.

[41]Id., at p. 193.

view of the public's right of use in public things to be, as argued by defendants, tied to its designation as a public thing.

Although the Fifth Circuit reached its review of plaintiffs' property law argument in an effort to determine whether or not the individual police jurors acted to deprive plaintiffs of a clearly established constitutional or statutory right, this court finds that the content of the Fifth Circuit's reasoning is clearly applicable here because plaintiffs' theory is unchanged. The Fifth Circuit held that, while cases such as Giambelluca v. Parish of St. Charles[42] do "suggest a right to use in public property," there was no indication that a right which required notice by mail has been established under Louisiana law. The court found this particularly true when, as here, the aggrieved landowners' property does not actually abut the abandoned portion of the road.

Having carefully reviewed the law and argument submitted by the parties, we find that plaintiffs have failed to demonstrate the existence of any genuine issue of material fact which, if found in their favor, would entitle them to greater notice than what was offered by the police jurors acting their official capacities. Our review of Louisiana jurisprudence does not reveal, nor has plaintiff cited, any case which recognizes that the general right of use enjoyed by the public with respect to public things carries with it a right to notice by mail. Accordingly, we find that plaintiffs have not demonstrated the existence of a constitutionally protected right and, therefore, have not demonstrated the infringement of this right by defendants acting in their official capacity. We find that defendants' motion should be granted and, accordingly, all remaining procedural due process claims against defendants in their official capacities under § 1983 should be dismissed with prejudice.

---

[42]687 So.2d 423 (La. App. 5 Cir. 1996).

11

Alexandria, Louisiana  
December __1__, 2008

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE